United States District Court
Southern District of Texas
**ENTERED**
May 28, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| ANYI MARIA RODRIGUEZ RODRIGUEZ, Petitioner, | § | CIVIL ACTION NUMBER 4:26-cv-03827 |
| versus | § | JUDGE CHARLES ESKRIDGE |
| MARKWAYNE MULLIN, *et al*, Respondents. | § | |

## ORDER ON DISMISSAL

Petitioner Anyi Maria Rodriguez Rodriguez filed a petition for writ of *habeas corpus* under 28 USC §2241 on May 13, 2026. Dkt 1. She acknowledges illegal entry into the United States at a prior date but nonetheless asserts that her present detention under 8 USC §1225(b) violates (i) the Immigration and Nationality Act, (ii) bond regulations, and (iii) the Due Process Clause of the Fifth Amendment. Id at ¶¶40, 51–61.

Prior order noted that the petition may raise only issues resolved by the Fifth Circuit's decision in *Buenrostro-Mendez v Bondi*, 166 F4th 494 (5th Cir 2026), and prior decisions by the undersigned. See Dkt 4 at 1–2. Even so, the Government was ordered to show cause with a filing establishing the propriety of Petitioner's continued detention. Id at 2.

Pending also is a motion by the Government for summary judgment. Dkt 6. It maintains that no bond hearing is required because Petitioner is subject to mandatory detention under 8 USC §1225(b)(2)(A). Id at 3–

4. It further contends that each of Petitioner's arguments fails on the merits. Id at 4–10.

Petitioner was given opportunity to reply but failed to do so. Dkt 5.

As noted in prior order, the Fifth Circuit has issued a controlling decision in *Buenrostro-Mendez*. In sum, it holds that anyone present in the United States without legal admission is both an "applicant for admission" and deemed to be "seeking admission," and that all such persons are thus subject to mandatory detention under 8 USC §1225(b)(2)(A). See 166 F4th at 502–08.

The undersigned has also determined a number of other issues before and since the Fifth Circuit decided *Buenrostro-Mendez*. For example, see:

- *Penafiel Clavijo v Thompson*, 2026 WL 923310 (SD Tex): Holding that procedural due process doesn't require an individualized custody determination beyond the mandate of 8 USC §1225(b)(2)(A).
- *Herrera Estrada v Thompson,* 4:26-cv-01238 (SD Tex, Apr 27, 2026): Holding that pre-removal-order detention authorized by 8 USC §1225(b)(2)(A) doesn't violate substantive due process while deportation proceedings are pending even when it exceeds the six-month period set out in *Zadvydas v Davis*, 533 US 678 (2001), as to post-removal-order detention.
- *Rodriguez-Hidalgo v Noem*, 4:25-cv-05730 (SD Tex, Jan 9, 2026): Holding that a claim under bond regulations fails to the extent that it relies on the interpretation of 8 USC §1225 and §1226 rejected in *Buenrostro-Mendez* because statutory language prevails over putative conflicting regulations.

The arguments presented in the petition raise only issues resolved to the contrary in the decisions cited above. Petitioner thus hasn't established that her current detention violates either the Constitution or federal law.

The motion by the Government for summary judgment is GRANTED. Dkt 6.

The petition for writ of *habeas corpus* by Petitioner Anyi Maria Rodriguez Rodriguez is DENIED. Dkt 1.

This action is DISMISSED WITH PREJUDICE.

A final judgment will enter separately.

SO ORDERED.

Signed on May 28, 2026, at Houston, Texas.



Honorable Charles Eskridge
United States District Judge